UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WEI ZONG, SHENG CHANG, YUEQIN ZHENG

      Petitioner-Plaintiff

vs.

UNITED STATES OF AMERICA; NATIONAL VISA CENTER; UNITED STATES DEPARTMENT OF STATE; ANTONY BLIKEN, as secretary of DOS US CONSULATE IN GUANGZHOU; LISA K. HELLER, as consul general of Guangzhou

      Respondents-Defendants.

CIVIL ACTION NO.: 1:22-cv-11380

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND PETITION FOR WRIT OF MANDAMUS**

Petitioner-Plaintiffs, Wei Zong ("Wei"), Sheng Chang ("Sheng"), and Yueqin Zheng ("Yueqin"), by and through their undersigned counsel, sue Respondents-Defendants, United States of America; National Visa Center (NVC); the United States Department of State (DOS); Antony Blinken, as secretary of the DOS; the U.S. Consulate General Guangzhou ("Guangzhou Consulate") and Lisa K. Heller, who is consul general of the Guangzhou Consulate (hereinafter, collectively, "Defendants").

**INTRODUCTION**

1. This cause is brought to compel action in one (1) Immigration Visa Electronic Application (Form DS-260) filed by Plaintiff Yueqin Zheng, which has been pending for

1

more than one (1) year. Her son-in-law is Sheng Chang, and her daughter is Wei Zong. The application was filed and remained within the jurisdiction of Defendants, who have improperly withheld timely action on these applications to lead Plaintiff, her husband, and her mother's detriment.

2. Plaintiff Wei Zong was born on August 24, 1967. The United States Department of Homeland Security ("USCIS") granted Wei citizenship on September 14, 2010, to the United States in Lawrence, MA. **See Exhibit A.**

3. Plaintiff Sheng Chang was born on October 1, 1967. The United States Department of Homeland Security granted Sheng citizenship on September 14, 2010, to the United States in Lawrence, MA. **See Exhibit B.**

4. Plaintiff Yueqin Zheng was born on June 11, 1939. The United States Department of Homeland Security granted Yueqin permanent residence in the United States on July 12, 2011. Yueqin was issued a passport from the Republic of China on April 24, 2017. **See Exhibit C.**

5. Between 2007 and 2017, Yueqin and her husband Tao Zong ("Tao") resided in the United States with Wei Zong, Sheng Chang, and Eric Chang (the son of Wei and Sheng).

6. Between 2007 and 2017, Yueqin and Tao developed a friendship and strong bond with their neighbor Cynthia LeBlanc and the local Catholic Church.

7. On September 27, 2010, the Republic of China provided a certificate stating that Yueqin had no criminal record. **See Exhibit D.**

8. In late 2015, Yueqin and Tao were planning to go back to China for a family matter.

9. In late 2015, Sheng asked USCIS what he and Wei needed to do to ensure Yueqin and Tao could return to the United States.

10. Between late 2015 to August 24, 2020, Tao's health was deteriorating.

11. From late 2015 to the present, Wei has contacted the USCIS field office in Lawrence, MA, and the US Consulate in China to ensure her parents (including Yueqin after Tao's death) could return to the United States.

12. From late 2015 to the present, Wei has worked with family doctors to reschedule appointments for her parents (including Yueqin after Tao's death) while they were away.

13. In 2016, Yueqin's brother-in-law died.

14. From 2016 to April 16, 2017, Yueqin and Tao went to China.

15. In 2017, Tao became ill from heart disease and was hospitalized while he was visiting China.

16. In their 2017 to 2020 tax returns, Wei and Sheng claimed Yueqin and Tao as dependents.

17. From 2017 to August 24, 2020, Tao was in continuous need of medical treatment.

18. From 2017 to August 24, 2020, Yueqin had to take care of her husband's living and health conditions while they were in China, in the hope that he could recover quickly, so they could return to the United States shortly.

19. On August 24, 2020, Tao died from sudden cardiac death. **See Exhibit E.**

20. From August 24, 2020, to the present, Yueqin has been lonely and has been suffering osteoporosis while in China.

21. From August 24, 2020, to the present, Yueqin has no family living with her in China, and she has little money.

22. In early October 2020, Wei, Sheng, and Yueqin attained legal assistance from Blumsack & Canzano, P.C., a law firm with an address in Boston, MA.

23. On October 16, 2020, Yueqin was diagnosed with rarefaction of the bone at Cadres of Xi'an No. 3 Hospital. **See Exhibit F.**

24. On October 29, 2020, Yueqin signed her DS-117 application to determine her resident returning status and sent it to the US Embassy in Beijing.

25. On January 25, 2021, Yueqin submitted an I-407 Record of Abandonment of Lawful Permanent Resident Status to USCIS.

26. On January 28, 2021, Wei submitted an I-130 Petition for Alien Relative (for Yueqin) to USCIS. **See Exhibit G.**

27. On March 9, 2021, USCIS confirmed receipt of the I-407. **See Exhibit H.**

28. On April 18, 2021, Sheng submitted an I-864A Contract Between Sponsor and Household Member (for Yueqin) to USCIS.

29. On April 21, 2021, Wei submitted an I-864 Affidavit of Support (for Yueqin) to USCIS.

30. On April 23, 2021, the Department of State indicated they had received Yueqin's DS-260 application for an Immigrant Visa and Alien Registration Application. **See Exhibit I.**

31. In November 2021, Yueqin started a medical exam with Guangzhou International Travel Healthcare Center, because the doctor noted a calcification in Yueqin's lung. **See Exhibit J.**

32. As part of the exam, the doctor wished to do a two-month mycobacteria culture to develop three samples, to rule out any tuberculosis.

33. For the Bactec MGIT 960 method, all three samples were negative.

34. For the concentrated smear FS method, all three samples were negative.

35. For the higher sensitivity MTB/RIF PCR test, two samples were negative and, one was positive.

36. The exam conceded that the positive sample does not necessarily mean having some active tuberculosis.

37. Additionally, the positive sample may have been environmentally corrupted over two months since no other samples collected at the same time showed a positive indicator.

38. The doctor who performed the exam suggested Yueqin go through a treatment cycle.

39. On March 7, 2022, Yueqin went to get a second opinion and visited Shanghai International Travel Medical Center.

40. However, the Shanghai doctor rejected an exam due to a conflict of interest with Guangzhou International Travel Healthcare Center.

41. That same day, Wei asked the Guangzhou Consulate, by the online feedback forum, if a second approved exam center could be allowed to do an independent exam of Yueqin, with no response.

42. This is despite the auto-response from the Guangzhou Consulate that says an inquiry should be responded to within seven business days. **See Exhibit K.**

43. On March 20, 2022, a Visa officer from Guangzhou Consulate called Yueqin to cancel an interview set up on March 28, 2022, between Yueqin and the Consulate but did not provide information as to a second site for an exam.

44. That same day, Wei again asked the Guangzhou Consulate, by online feedback forum, as to whether a second opinion would be allowed, but with no response.

45. On April 6, 2022, Yueqin went to a local hospital in Xi'an - titled Tuberculosis Hospital of Shaanxi Province - specializing in tuberculosis treatment, with more evaluation and rigorous testing, including a high sensitivity CT scan per instruction of the physician from Guangzhou International Travel Healthcare Center. **See Exhibit L.**

46. The local doctor noted Yueqin has been in good health.

47. The local doctor concluded that Yueqin's condition is normal and there are no signs nor symptoms of Tuberculosis, nor that any treatment was needed because calcifications are frequently seen in people her age.

48. That same day, Wei sent the local doctor's diagnosis and conclusion to the physician from Guangzhou International Travel Healthcare Center, waiting for directions on the next step.

49. The Guangzhou physician reversed his original direction of seeking treatment at a local hospital and then stipulated that Yueqin should broadly seek treatment, but with no further evidence.

50. The Guangzhou physician did not explain further why Yueqin, in her early eighties, needed to seek unnecessary medication, which could negatively impact her health with damaging side effects

51. The Guangzhou physician also did not explain why the local doctor's conclusion was not helpful in re-assuring the diagnosis.

52. That same day, Wei sent a letter to the Guangzhou consulate asking if Yueqin is allowed to have a second medical opinion, specifically at Shanghai International Travel Medical Center, due to the conflict between the two physicians as to the tuberculosis symptoms. **See Exhibit M.**

53. On April 15, 2022, Wei inquired the Centers for Disease Control ("CDC"), explaining the conflicting tests and asking if a second, independent US-approved health center in China could redo an exam to verify if Yueqin is tuberculosis positive; no answer was obtained.

54. On April 19, 2022, Wei asked the Guangzhou Consulate, by the online feedback forum, if they could allow Yueqin to do a retest in a second approved site to ensure if Yueqin could come to the United States or not, with no response. **See Exhibit N.**

55. On June 3, 2022, Wei, Sheng and Yueqin sent a release form for assistance and privacy release to Massachusetts Congressman Seth Moulton ("Representative Moulton"), while also explaining the preceding circumstances of Yueqin's situation.

56. On June 13, 2022, Representative Moulton's office indicated they received the release form and submitted it to the CDC's attention.

57. After June 13, 2022, the CDC responded to Representative Moulton's follow-up, stating that Yueqin's diagnosis of active tuberculosis in November 2021 makes Yueqin inadmissible until the tuberculosis is treated.

58. The CDC recommended Yueqin undergo appropriate treatment to complete the immigration medical exam to be reclassified as admissible to the United States.

59. The CDC did not explain why the local doctor's determination could not be taken into determination, nor why a second-approved retest at Shanghai International Travel Medical Center could not be done.

60. Yueqin had no intention of relinquishing her green card because she wants to return to the United States to be with her extended family (Wei Zong, Sheng Chang).

61. Yueqin's life has become extremely difficult, and she is not able to travel independently.

62. According to USCIS case processing times, it takes ten (10) to thirteen (13) months for USCIS to process an I-130 Petition for Alien Relative filed for a spouse, parent, or child under twenty-one of a US Citizen. **See Exhibit O.** According to NVC, it takes about two and a half months (2.5) to review a case. **See Exhibit P.** After the I-130 was approved, it

has been *sixteen months since* Yueqin submitted a DS-260 application on April 23, 2021. Wei and Yueqin have provided all necessary documentation to allow USCIS to adjudicate the DS-260 application. The undue delay and improper withholding of statutorily mandated adjudication of a pending petition, filed for the parent of a US Citizen, presents an ongoing violation of the Administrative Procedures Act ("APA", 5 U.S.C. § 555 *et seq.* and § 701 *et seq.*; the Immigration and Nationality Act ("INA"), INA §204(a) (8 U.S.C. § 1154(a)); and violated Fifth Amendment Due Process.

63. Yueqin's rights are infringed by this undue delay because she has not been able to receive notice of the status of her DS-260 Application after filing it nearly sixteen months ago. Wei and Sheng's rights are also infringed because their status as US Citizens entitles them to apply to bring Yueqin to the United States as a beneficiary.

## PARTIES

64. Plaintiff, Wei Zong, a naturalized US National, was granted naturalization on September 14, 2010, in Lawrence, MA. Wei filed form I-130 Petition for Alien Relative for her mother. Wei resides at 5 Walnut Lane, Middleton, MA 01949.

65. Wei's husband Sheng Chang is one of the other Plaintiffs. He is a naturalized US National who was granted naturalization on September 14, 2010, in Lawrence, MA. He resides at 5 Walnut Lane, Middleton, MA 01949.

66. Wei's mother Yueqin Zheng is one of the other Plaintiffs. She resides in Room 803, Unit 1, Building 11, Yihejun, 3rd Fencheng Rd. Weyang District, Xian, Shaanxi 710021, China.

67. The Defendants are: (i) the United States of America (US), (ii) certain agencies of the United States: the National Visa Center, which is a branch of the US Department of State;

and the U.S. Consulate General Guangzhou, which falls under the U.S. Department of State, (iii) federal officials sued in their official capacities employed by those agencies. These named officials, ANTONY BLINKEN, as secretary of the DOS, and LISA K. HELLER, as consul general of Guangzhou Consulate, have direct control and responsibility over the I-130 and DS-260 petitions, thus each has direct supervisory control over the individuals who are processing and considering Plaintiffs' petitions.

## JURISDICTION

68. Statutory Jurisdiction: This Honorable Court has jurisdiction over this matter based on several provisions. The court has federal-question jurisdiction under 28 U.S.C. § 1331, because Plaintiffs' claims arise under the laws of the United States, particularly the section of the Immigration and Nationality Act ("INA") dealing with the rights of U.S. Citizens to petition to establish a spousal relationship for relatives who wish to immigrate to the United States. This approved petition can then be used to apply for permanent residence status as the parent of a U.S. Citizen. INA §204(a) (8 U.S.C. § 1154(a)) (establishing the right of any U.S. citizen to petition to establish a relationship with their alien relative); 22 CFR § 40.1 (i)(1) (setting out alien relatives' entitlement to status after an approved petition to establish a relationship).

69. This Court also has jurisdiction under 28 U.S.C. §1361 (the Mandamus Act), which states that "[t]he district courts shall have original jurisdiction of any action like mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." It also has jurisdiction in conjunction with 28 U.S.C. §1348 (the United States as a defendant), 28 U.S.C §1631 (All Writs Act); 28 U.S.C. §2201-2202 9 Declaratory Judgement Act); 5 U.S.C. §551 *et seq*. and §701 *et*

*seq.* (Administrative Procedures Act and Rules 57 (Declaratory Judgements) and 65 (Injunctions) of the Federal Rules of civil procedure, permitting declaratory and injunctive actions.

## VENUE

70. Venue lies in this District, the United States District Court for the District of Massachusetts, under 28 U.S.C. §1391(e), which states, in pertinent part, that "a civil action in which a defendant is an officer or employee of the United States or any agency thereof… may… be brought in any judicial district in which (1) defendant in the action resides, [or] (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is at issue." *Id.* Moreover, the venue is proper because a substantial part of the events or omissions giving rise to the claim occurred and Wei and Sheng reside in Middleton, Massachusetts.

## STATUTORY AND REGULATORY BACKGROUND

71. Form I-130, Petition for Alien Relative: Under federal immigration law, a U.S. citizen may file a petition to establish the existence of a relationship with certain alien relatives who wish to immigrate to the United States. An approved petition grants the beneficiary the opportunity to file for permanent residence as the relative of a US citizen, and in this case as the parent of a U.S. citizen. *See* INA §204(a) (8 U.S.C. § 1154(a))**.** To establish the existence of a relationship, a U.S. Citizen must file a separate Form I-130 (Petition for Alien Relative) for each family member they wish to establish a relationship with. Wei

filed the I-130 petition on January 28, 2021, with all the evidence required to process the petition

72. Form <u>DS-260, Immigrant Visa Application:</u> Under federal immigration law, every alien applying for an immigration visa must make an application on Form DS-260, Electronic Application for Immigrant Visa, and Alien Registration. *See* 22 CFR § 43.62. For a DS-260, an applicant may intend to present additional evidence to overcome the ground of ineligibility, which can defer a review of the refusal or allow for reconsideration of the case. *See* 22 CFR § 42.81.

## FACTUAL ALLEGATIONS

73. Lead Plaintiff, Wei Zong, born on August 24, 1967, is a naturalized citizen of the United States.

74. Wei was granted U.S. citizenship on September 14, 2010, in Lawrence, MA.

75. On January 28, 2021, Wei filed form I-130, a Petition for an Alien Relative seeking to establish a relationship with her mother for immigration purposes.

76. The other Plaintiff, Yueqin Zheng, born on June 11, 1939, was granted permanent residency in the United States on July 12, 2011.

77. Yueqin was issued a passport from the Republic of China on April 24, 2017.

78. On April 23, 2021, Yueqin filed and received a receipt notice from the National Visa Center for confirmation of her Immigrant Visa and Alien Registration Application.

79. USCIS established the estimated time range for processing a petition for an alien parent to be between ten (10) months to thirteen (13) months. NVC established the estimated time range to review a petition to be between two and a half months (2.5). It has been

sixteen (16) months since Yueqin received her receipt notice, and the priority date on the notice is April 23, 2021.

80. After time passed without any adjudication of the approved I-130 petition and the DS-260 application, the Plaintiffs obtained counsel from Blumsack and Canzano, who began acting on their case.

<b>HARM THAT DEFENDANTS ARE CAUSING PLAINTIFFS</b>

81. Plaintiffs have suffered, and are suffering, significant harm because of the Defendants' policies, procedures acts, and/or failures to function as described in this Complaint. The Defendants' failure to adjudicate the Plaintiffs' petition for an alien relative and alien registration application constitutes a failure to properly administer the Immigration and Nationality Act (INA).

82. <u>Withholding of a statutorily supported petition for alien relative:</u> Because Wei's petition filed on behalf of her parent has not been granted, Wei is not receiving the full rights, privileges, and benefits that she is entitled to as a U.S. Citizen. Wei became a naturalized U.S. Citizen on September 14, 2010. Wei, in reliance on statutes supporting U.S. citizens' right to petition for their immediate relatives, promptly filed I-130 Petition for Alien Relative. Wei has not received any further notices from federal agencies since this date, and her mother is, therefore, unable to apply for permanent residence as the parent of a U.S. citizen.

83. <u>Withholding of a statutorily supported application for alien registration:</u> Because Yueqin's application has not been granted, nor has she been allowed to present additional evidence to enable her eligibility, Yueqin is not receiving the full rights, privileges, and benefits to which she is entitled. Yueqin was granted permanent residency on July 12,

2022. Yueqin, in reliance on statutes supporting aliens' right to apply for an immigrant visa, promptly filed DS-260 Electronic Application for Immigrant Visa and Alien Registration. Yueqin has not received further notices from federal agencies since April 23, 2022, so Yueqin is unable to apply for permanent residency in the United States

84. <u>Infringement on Constitutional Rights.</u> Plaintiffs' rights to due process of law and equal protection under the Fifth Amendment to the United States Constitution have been and continue to be violated by Defendants' failures, policies, and practices as described in this Complaint.

## CAUSES OF ACTION
### Count I
**Violation of Administrative Procedures Act, U.S.C. §555 *et seq.* and §701 *et seq.***

85. Plaintiffs incorporate paragraphs 1 through 84 as if fully stated in this Count.

86. Defendant's practices, policies, conduct, and failures to act as alleged in this Complaint violate the Administrative Procedures Act, 5 U.S.C., because:

- An action (namely, the application to register permanent residence or adjust status) by an agency of the United States, i.e., USCIS and the DOS, is being "unlawfully withheld or unreasonably delayed," now for more than nineteen (19) months, well beyond the historical USCIS and NVC processing times for this type of petition. As proscribed by 5 U.S.C. §706(1);

- The agency's delay in adjudicating these applications is "arbitrary, capricious, [and] not by the law," as proscribed by 5 U.S.C. §706(2)(A); and

- The agency's handling of this application has not been affected "[w]ith due regard for the convenience and necessity of the parties… and within a reasonable time," as required by 5 U.S.C. §555(b).

87. As a result, Plaintiffs have suffered irreparable and/or other harm, thereby entitling them to injunctive and other relief.

## Count II
## Mandamus, 28 U.S.C. §1361

88. Plaintiffs incorporate paragraphs 1 through 84 as if fully stated in this Count.

89. Defendants must administer and enforce the Immigration and Nationality Act (INA). *See* INA §103; 8 U.S.C. §1103 (regarding *inter alia* the duties of the Secretary of Homeland Security and United States Attorney General). Accordingly, the Defendants have the responsibility to adjudicate Yueqin's visa application but have failed to do so for approximately 16 months. Additionally, Yueqin has not been allowed to present additional evidence to overcome ineligibility concerns and to either defer review of the refusal or allow for reconsideration. This breach of the Defendants' duty is ongoing. Moreover, this breach of the Defendants' duty has *no foreseeable conclusion* and could be prolonged for months or even years into the future. Plaintiffs, therefore, have no remedy available to compel the Defendants to satisfy their statutory obligations but for this federal action.

90. As a result, Plaintiffs have suffered irreparable and/or other harm, money damages, and attorneys' fees, thereby entitling her to an injunction and other relief.

## Count III
## Violation of Immigration and Nationality Act (INA),
## INA §204(a) (8 U.S.C. § 1154(a)) and 22 CFR § 42.81, 43.62

91. Plaintiffs incorporate paragraphs 1 through 84 as if fully stated in this Count.

92. Under federal immigration law, a U.S. citizen is entitled to petition to establish a relationship with their alien immediate relative. *See* INA §204(a) (8 U.S.C. § 1154(a)). A U.S. citizen may petition to establish a relationship with any immediate relative,

including their parent. A parent's application for permanent residence is reliant on this petition. *See* 22 CFR § 40.1 (h)(1).

93. To petition for their alien relative, a U.S. citizen must file a separate Form I-130. Wei filed Form I-130. Wei has provided all the evidence necessary to process this petition.

94. Also, under federal immigration law, an alien applying for an immigration visa can complete a Form DS-260, Electronic Application for Immigrant Visa, and Alien Registration. *See* 22 CFR § 43.62. For a DS-260, an applicant may intend to present additional evidence to overcome the ground of ineligibility, which can defer a review of the refusal or allow for reconsideration of the case. *See* 22 CFR § 42.81.

95. Yueqin filed DS-260. Yueqin has provided all the evidence necessary to process this petition and can present additional evidence (through a second opinion) to overcome ineligibility.

96. Defendants' practices, policies, conduct, and failures to function as alleged in this Complaint- namely, failing to timely adjudicate Wei's petition for an alien relative- violate INA §204(a) (8 U.S.C. § 1154(a)), and its current attendant regulations. Also, the Defendants have failed to timely adjudicate Yueqin's Immigrant Visa Application nor afford her the chance to present additional evidence in support of her eligibility, in violation of 22 CFR §43.62 and 42.81, and its current attendant regulations

97. As a result, Plaintiffs have suffered and will suffer irreparable harm, thereby entitling them to injunctive and other relief.

## Count IV
## Declaratory Judgement, 28 U.S.C. §2201

98. Plaintiffs incorporate paragraphs 1 through 84 as if fully stated in this Count.

99. The Defendants' practices, policies, conduct, and failures to function as alleged in this Complaint are a violation of the INA, a breach of the Defendants' statutory duties, and are unconstitutional, arbitrary, and capricious. Plaintiffs seek a declaration to that effect under 28 U.S.C. §2201 and declare that Defendants are compelled to adjudicate Yueqin's DS-260 petition in the next thirty (30) days, including scheduling an approved physician exam.

### Count V
### Violation of the Fifth Amendment Due Process and Equal Protection Clauses

100. Plaintiffs incorporate paragraphs 1 through 84 as if fully stated in this Count.

101. The Defendants' practices, policies, conduct, and/or failures to function as alleged in this Complaint violate the Plaintiffs' right to substantive and procedural due process and equal protection of law protected by the Fifth Amendment to the United States Constitution. Plaintiffs are protected by the Fifth Amendment and are guaranteed the enjoyment of due process and equal protection, based on their residing in the United States. Because of the delay by the Defendants in processing both the petition for status as a US citizen for her mother and the immigrant visa application, the Plaintiffs have suffered a violation of their due process rights.

102. As a result, Plaintiffs have suffered irreparable and other harm, thereby entitling them to injunctive and other relief.

### RELIEF REQUESTED

Wherefore, the Plaintiffs respectfully request that this Court:

    a. Declare that the Defendants' acts and omissions as alleged in this complaint violate the Immigration and Nationality Act, the Administrative Procedure Act, and the Due Process and Equal Protection Clauses of the Fifth Amendment;

b.  Issue a writ of *mandamus* requiring that the Defendant United States and its agencies adjudicate Ms. Zheng's immigrant visa application, by the approval of a United States' independently approved physician exam of Yueqin Zheng in China for tuberculosis;

c.  Issue a preliminary and permanent injunction requiring Defendants to adjudicate Yueqin's application (DS-260) within the next thirty (30) days; and

d.  Grant such other relief as the Court deems just, equitable and proper.

Respectfully submitted, this 26th day of August 2022

/s/ Christopher P. Walsh
Christopher P. Walsh, Esq..
BBO #: 707843
Blumsack and Canzano, P.C.
867 Boylston Street, 5th Floor
Boston, MA 02116
Telephone: 857-990-9060
Email: contact@mybostonlawfirm.com